UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-10169 |
| | ) | Chapter 13 |
| HERMAN EUGENE PAULSON | ) | |
| dba Heartland Organic Foods | ) | |
| SSN/ITIN xxx-xx-9472 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| HERMAN EUGENE PAULSON | ) | Adv. No. 12-1005 |
| dba Heartland Organic Foods | ) | |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | |
| | ) | DECISION RE:  MOTION |
| SUNFLOUR RAILROAD, INC.; | ) | TO DISMISS AMENDED |
| | ) | COMPLAINT AS TO DEFENDANT |
| THOMAS Z. MARS; and | ) | SUNFLOUR RAILROAD, INC. |
| OTHER JOHN AND JANE DOES | ) | |
| TO BE ADDED AFTER DISCOVERY | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Defendant Sunflour Railroad, Inc.'s Motion to Dismiss Adversary Action Against Sunflour Railroad under Rule 7012.  The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052.  For the reasons discussed below, the Court determines it does not have jurisdiction and must dismiss Debtor-Plaintiff Herman Eugene Paulson's Amended Complaint to Determine Validity of Judgment/Lien Alleged to be Basis for Defendants['] Claim as to Defendant Sunflour Railroad, Inc. only.

I.

As set forth by Debtor-Plaintiff Herman Eugene Paulson ("Debtor") in his Amended Complaint to Determine Validity of Judgment/Lien Alleged to be Basis for Defendants['] Claim (doc. 7), Defendant Sunflour Railroad, Inc. ("Sunflour") obtained, in state court, a judgment against him before he filed his petition in bankruptcy.  In his

amended complaint, Debtor asks this Court, on several grounds, to void Sunflour's judgment and disallow Sunflour's claim.  He also asks this Court to sanction Sunflour "for the attempted fraud on this Court" and for his costs incurred in this proceeding.

According to Sunflour's proof of claim (amended proof of claim no. 2-2)[1] filed in Debtor's main bankruptcy case, Bankr. No. 11-10169, Sunflour's claim is for $24,623.36 plus post judgment interest.  Attached to Sunflour's proof of claim is a copy of the state court's Supplemental Judgment and Order in *Sunflour Railroad, Inc. v. Gene Paulson and Heartland Organic Foods, Inc.*, Civ. 01-138, Fifth Judicial Circuit for the State of South Dakota, Roberts County, for $19,280.00.  The judgment is dated November 12, 2008, and was filed by the county clerk of court on November 13, 2008.[2]

Sunflour filed a Motion to Dismiss Adversary Action Against Sunflour Railroad under Rule 7012 (doc. 14).  Therein, Sunflour acknowledges it holds a state court judgment against Debtor, but it challenges this Court's jurisdiction to address that claim.  Upon receipt of Debtor's timely response (doc. 17), the matter was taken under advisement.

II.

Lower federal courts, such as bankruptcy courts, do not have subject matter jurisdiction over challenges to decisions made by state courts.  *Bunch v. Hoffinger Industries, Inc.* (*In re Hoffinger Industries, Inc*.), 329 F.3d 948, 950 (8th Cir. 2003)

---

[1] Sunflour filed an identical proof of claim (claim no. 7-1) on the same day, October 18, 2011.

[2] An Order and Opinion dated September 27, 2005 from United States District Court Judge Charles B. Kornmann and a Judgment dated December 6, 2005 from the U.S. Court of Appeals for the Eighth Circuit, affirming Judge Kornmann's order, are attached to Sunflour's Motion to Dismiss (doc. 14).  Similar to this Court's decision, the District Court's order and the Court of Appeals' judgment also discuss jurisdiction.

(citations therein).

> Put another way, "[the Rooker-Feldman doctrine] precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir.1998) (citation therein). The state and federal claims need not be identical. A lower federal court may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. *Goetzman v. Agribank, FCB* (*In re Goetzman*), 91 F.3d 1173, 1177 (8th Cir.1996) (citation therein). A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." *Snider*, 154 F.3d at 811.
>
> The doctrine is not without its exceptions, at least in some jurisdictions. *See Singleton v. Fifth Third Bank of Western Ohio* (*In re Singleton*), 230 B.R. 533, 538 (6th Cir. BAP 1999) (collecting cases). However, the Eighth Circuit Court of Appeals has generally been unwilling to create such exceptions. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1035–36 (8th Cir.1999). *See Ferren v. Searcy Winnelson Company* (*In re Ferren*), 203 F.3d 559, 560 (8th Cir.2000) (*per curiam*) (specifically rejecting an exception to *Rooker–Feldman* that would permit a lower federal court to collaterally attack an erroneous state court construction of a bankruptcy discharge that was void *ab initio* under 11 U.S.C. § 524(a)(1)).

*Cawley v. Celeste* (*In re Athens/Alpha Gas Corp*.), 463 B.R. 883 (B.A.P. 8th Cir. 2012). Thus, a federal bankruptcy court does not have subject matter jurisdiction to second guess or "re-do" decisions a state court has already made. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (Rooker-Feldman doctrine is confined to cases brought by a state-court loser complaining of injuries caused by the state court); *Ferren v. Searcy Winnelson Co.* (*In re Ferren*), 203 F.3d 559, 560 (8th Cir. 2000); *Car Color & Supply, Inc. v. Raffel* (*In re Raffel*), 283 B.R. 746, 748-49 (B.A.P. 8th Cir. 2002)(history and application of *Rooker-Feldman* doctrine).

III.

While it is true this Court has "core" jurisdiction under 28 U.S.C. § 157(b)(2)(B) to allow or disallow claims, another court has already made that determination

regarding Sunflour's claim against Debtor. The state court, in the action brought by Sunflour, entered a judgment that established how much money Debtor owed Sunflour.

Debtor had various remedies to challenge the state court's judgment, such as a timely motion before the same court or a timely appeal to the South Dakota Supreme Court. Debtor apparently even utilized some of those remedies, including asking the United States District Court for the District of South Dakota to get involved. However, filing bankruptcy and asking this Court to correct what he believes was an unjust result reached by the state court was not then, and is not now, one of Debtor's available remedies. Accordingly, this Court must grant Sunflour's motion and dismiss Debtor's amended complaint as to Sunflour only.

An appropriate order will be entered.

Dated: March 7, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota